# EXHIBIT A

1    Joshua H. Haffner, Esq. SBN 188652
     jhh@haffnerlawyers.com
2    Graham G. Lambert, Esq. SBN 303056
     gl@haffnerlawyers.com
3    **HAFFNER LAW PC**
     445 South Figueroa Street, Suite 2625
4    Los Angeles, California 90071
     Telephone: (213) 514-5681
5    Facsimile: (213) 514-5682

6    Attorneys for Plaintiff Erin Goldsmith and all
     others similarly situated

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **COUNTY OF LOS ANGELES**

10

11   ERIN GOLDSMITH, an individual; on        **Case No.  20STCV17165**
     behalf of himself and all others similarly
12   situated,                                **CLASS ACTION COMPLAINT FOR:**

13                    Plaintiffs,             **(1) BREACH OF CONTRACT;**

14          v.                                **(2) BREACH OF EXPRESS
                                                  WARRANTY;**
15   ALTERRA MOUNTAIN COMPANY;
     IKON PASS, INC.; ARCH INSURANCE          **(3) UNJUST ENRICHMENT;**
16   COMPANY; and DOES 1 through 10,
     inclusive,                               **(4) VIOLATION OF CONSUMER
17                                                LEGAL REMEDIES ACT;**
                      Defendants.
18                                            **(5) UNFAIR BUSINESS PRACTICES;
                                                  and**
19
                                             **(6) DECLARATORY RELIEF.**
20
                                             **JURY TRIAL DEMANDED**
21

22

23

24

25

26

27

28

                                   - 1 -
                        **CLASS ACTION COMPLAINT**

1   Plaintiff Erin Goldsmith ("Plaintiff") brings this action against Defendants Alterra

2   Mountain Company, Ikon Pass, Inc., Arch Insurance Company and Does 1 through 10

3   (collectively "Defendants"), and alleges the following:

4   **NATURE OF THE ACTION**

5   1.    This is a class action against Defendants Alterra Mountain Company, Ikon Pass,

6   Inc. and Arch Insurance Company ("Defendants"), arising out ski resort passes Plaintiff and Class

7   members purchased, and could not use for a substantial portion of the ski season because of the

8   Coronavirus crisis.  As set forth herein, Defendants refused to cover Plaintiff and Class members'

9   losses, and have breached their contracts and been unjustly enriched.

10   2.    Plaintiff seeks for herself and the Class restitution, damages, and/or injunctive

11   relief preventing Defendants' unfair practices from continuing.  Plaintiff seeks to represent the

12   following Classes:

13   **Class #1**:  All California residents who purchased ski passes for 2019-

14   2020 ski season from Defendant Alterra Mountain Company and/or Ikon

15   Pass, Inc.

16   **Class #2**:  All California residents who purchased travel insurance issued

17   by Defendant Arch Insurance Company, and who made a claim for loss

18   related to Coronavirus crisis.

19   **JURISDICTION AND VENUE**

20   3.    This Court has jurisdiction over the entire action by virtue of the fact that this is a

21   civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

22   jurisdictional minimum of the Court.  The acts and omissions complained of in this action took

23   place in the State of California.  Venue is proper because this is a class action, the acts and/or

24   omissions complained of took place, in whole or in part within the venue of this Court, one or

25   more Defendants reside within the venue of this Court, and/or the contract was entered into or

26   performance was due within the venue of this Court.

27

28

- 2 -
**CLASS ACTION COMPLAINT**

**PARTIES**

4.     Plaintiff Erin Goldsmith, was, at all relevant times, an individual and resident of Los Angeles, California.

5.     Defendant Alterra Mountain Company ("Alterra") is a ski resort company, with its principal place of business in Denver, Colorado

6.     Defendant Ikon Pass, Inc. ("Ikon") is a Colorado corporation, with its principal place of business in Denver, Colorado, a wholly owned subsidiary of Alterra, and sells ski passes entitling purchasers access to ski resorts and other benefits.

7.     Defendant Arch Insurance Company is an insurer authorized to transact, and actually transacting, the business of insurance in California.

8.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

9.     Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

**CLASS ACTION COMPLAINT**

Exhibit A
Page 011

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Defendant Alterra owns ski resorts throughout the United States, including California. Defendant Ikon sells ski passes for access to ski resorts in the United States, including California, and other benefits (the "Ski Pass"). The benefits of the ski pass are intended to last through the ski season.

11.     Defendant Arch Insurance Company sells travel insurance, intended to cover losses of a person's travel plans are cancelled or interrupted.

12.     Plaintiff and many other California skiers purchased the Ski Pass for the 2019-2020 ski season. Defendants represented that Plaintiff would have ski passes for the entire 2019-2020 ski season, that they would provide "unlimited access" to specified resorts.

13.     Plaintiff and thousands of Californians also purchased travel insurance from Defendant Arch Insurance to protect them from losses if their travel plans were cancelled or interrupted. (Plaintiff is informed and believes and on that basis alleges that a true and correct copy of the travel insurance policy Plaintiff purchased is attached hereto as Exhibit 1.)

14.     Plaintiff was referred to Defendant Arch Insurance to purchase travel insurance by Defendants Alterra Mountain Company and Ikon Pass, Inc.

15.     In March 2020, the coronavirus crisis emerged in the United States. In mid-march, ski resorts covered by the Ski Pass closed early. On March 19, 2020, the Governor of California issued a stay at home order, or quarantine order, for all Californians in order to slow the spread of the coronavirus. This was well before the close of ski season, which lasts until April or May at some resorts, and June or July at others.

16.     The travel insurance Plaintiff and other class members purchased from Defendant Arch Insurance Company provided coverage if Plaintiff or class members' trip was cancelled including for, among other reasons, quarantine.

17.     Plaintiff demanded a refund from Defendants Alterra Mountain Company and/or Ikon Pass, Inc., but they have failed to provide an appropriate refund.

18.     Plaintiff made a claim to Defendant Arch Insurance, claim number TVLC75361020, for insurance benefits because of Plaintiff's losses associated with the

- 4 -

**CLASS ACTION COMPLAINT**

1  cancellation or interruption of travel plans.  Plaintiff is informed and believes, and on that basis

2  alleges, that Defendant Arch Insurance is not paying California residents for cancellation or

3  interruption of travel plans because of the Coronavirus, and contends such a claim is not covered

4  under its policy.   Defendant Arch Insurance Company has not paid Plaintiff's claim.

**CLASS ALLEGATIONS**

6       19.     Plaintiff brings this action on behalf of himself, and on behalf of all others

7  similarly situated, and as a member of the Classes defined as follows:

8            **Class #1**:  All California residents who purchased ski passes for 2019-

9            2020 ski season from Defendants Alterra Mountain Company and/or Ikon

10           Pass, Inc.

11           **Class #2**:  All California residents who purchased travel insurance issued

12           by Defendant Arch Insurance Company, and who made a claim for loss

13           related to Coronavirus crisis.

14       20.     Plaintiff reserves the right to amend or otherwise alter the class definitions

15  presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response

16  to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

17       21.     This action has been brought and may be properly maintained as a class action

18  pursuant to California Code of Civil Procedure § 382 and other applicable laws.

19       22.     **Numerosity of the Class:**  Members of the Class are so numerous that their

20  individual joinder is impracticable.  The precise number of Class members of each class and their

21  addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members

22  may be notified of the pendency of this action by mail, electronic mail, the Internet, or published

23  notice.

24       23.     **Existence of Predominance of Common Questions of Fact and Law:**  Common

25  questions of law and fact exist as to all members of the Class. These questions predominate over

26  any questions affecting only individual Class members. These common legal and factual

27  questions include:

28

a. Whether Defendants violated the CLRA;

b. Whether Defendants' violated Business and Professions Code §17500;

c. Whether Defendants' conduct in constitutes false advertising in violation of Business and Professions Code §17500;

d. Whether Defendants' conduct constitutes an unlawful business practice in violation of Business and Professions Code §17200;

e. Whether Defendants' conduct constitutes a fraudulent business practice in violation of Business and Professions Code §17200;

f. Whether Defendants' conduct constitutes an unfair business practice in violation of Business and Professions Code §17200.

g. Whether the losses suffered by Plaintiff and Class related to the Coronavirus is covered under Defendant Arch Insurance' travel policy;

h. The nature and extent of class-wide injury and the measure of damages for the injury.

24. **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes he represents because Plaintiff was induced into a commitment agreement by Defendant, and was injured by it. Plaintiff and the members of the classes he represents sustained the same or similar types of damages and losses.

25. **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because its interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

26. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even

- 6 -

**CLASS ACTION COMPLAINT**

Exhibit A
Page 014

1   if members of the Class themselves could afford such individual litigation, the court system could

2   not. Individualized litigation increases the delay and expense to all parties and the court system,

3   due to the complex legal and factual issues of the case. By contrast, the class action device

4   presents far fewer management difficulties, and provides the benefits of single adjudication,

5   economy of scale, and comprehensive supervision by a single court.

6          27.    The Class should also be certified because:

7          a. The prosecution of separate actions by individual members of the Class would

8   create a risk of inconsistent or varying adjudications with respect to individual Class members

9   which would establish incompatible standards of conduct for Defendants;

10         b. The prosecution of separate actions by individual members of the Class would

11   create a risk of adjudication with respect to them, which would, as a practical matter, be

12   dispositive of the interests of the other Class members not parties to the adjudications, or

13   substantially impair or impede their ability to protect their interests; and

14         c. Defendants have acted or refused to act on grounds generally applicable to the

15   Class, and/or the general public, thereby making appropriate final and injunctive relief with

16   respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
**(Breach Of Contract)**
**(By Plaintiff And All Class Members Against Defendants Alterra Mountain Company, Ikon Pass, Inc., And Does 1-5)**

20         28.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this

21   Complaint, as though fully set forth herein.

22         29.    Defendants offered Plaintiff and class members to purchase the Ski Pass for the

23   entire 2019-2020 season, which included unlimited access to specified resorts for the 2019-2020

24   season. Plaintiff and Class member accepted by purchasing the Ski Pass.

25         30.    Defendants Alterra Mountain Company and Ikon Pass, Inc. acted as joint

26   venturers, and agents in connection with selling the Ski Passes at issue, and are each party to the

27   agreement with Plaintiff and Class members to purchase the Ski Pass. Defendant Alterra runs or

28

- 7 -
**CLASS ACTION COMPLAINT**

Exhibit A
Page 015

1  partners with the others for access to the ski resorts at issue, promotes the Ski Pass on its website,

2  and has represented to the public it brought the Ski Pass to market.  The Ski Pass is available for

3  sale on Defendant Ikon Pass, Inc.'s website.

4      31.    Defendants breached the contract by failing to provide Plaintiff and class members

5  with access to agreed upon ski resorts for a substantial portion of the ski season.

6      32.    Defendants breach of contract proximately caused damage and losses to Plaintiff

7  and class members, in an amount to be proven.

8
### SECOND CAUSE OF ACTION
#### (Breach Of Express Warranty)
**(By Plaintiff And All Class Members Against Defendants Alterra Mountain Company, Ikon Pass, Inc., And Does 1-5)**

9

10

11      33.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of

12  this Complaint, as though fully set forth herein.

13      34.    Defendants expressly warranted that the Ski Pass would last for the entire ski

14  season, and provide unlimited access to specified resorts.

15      35.    Defendants breached its warranty by failing to provide access to resorts for a

16  substantial portion of the ski season.

17      36.    Defendants breach of warranty proximately caused damage and losses to Plaintiff

18  and class members, in an amount to be proven.

19
### THIRD CAUSE OF ACTION
#### (Unjust Enrichment)
**(By Plaintiff And All Class Members Against Defendants Alterra Mountain Company, Ikon Pass, Inc., And Does 1-5)**

20

21      37.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this

22  Complaint, as though fully set forth herein.

23      38.    Plaintiff and the Class provided to Defendants, and Defendants received, a benefit,

24  the fee for the Ski Pass.

25      39.    Defendants would be unjustly enriched by retaining the Ski Pass, and/or failing to

26  provide an adequate refund to the Class, because Defendants have failed to provide the promised

27  access to ski resorts and lifts for a substantial part of the season.

28

- 8 -
**CLASS ACTION COMPLAINT**

1    40.    Plaintiff seeks an ward of monies to herself and the Class to prevent Defendants'

2    unjust enrichment.

3    ### FOURTH CAUSE OF ACTION
**(Violation of California's Unfair Competition Law)**

4    **(By Plaintiff And All Class Members Against Defendants Alterra Mountain Company, Ikon Pass, Inc., And Does 1-5)**

5    41.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this

6    Complaint, as though fully set forth herein.

7    42.    This cause of action is brought under the Consumer Legal Remedies Act,

8    California Civil Code §1750 *et seq*. Plaintiff and members of the Class are consumers as defined

9    by California Civil Code §1761(d). The merchandise at issue are goods within the meaning of

10    Civil Code §1761(a).

11    43.    Defendants Alterra Mountain Company and Ikon Pass, Inc. violated and continues

12    to violate the CLRA by engaging in the following practices proscribed by California Civil Code

13    §1770(a) in transactions with Plaintiff and members of the Class, which were intended to result

14    in, and did result in, Plaintiff and members of the Class purchasing Ski Passes:

15       a.   Representing that goods or services have characteristics that they do not have, in

16            violation of Civil Code §1770(a)(5);

17       b.   Representing that a transaction confers or involves rights, remedies, or obligations

18            that it does not have or involve, in violation of Civil Code §1770(a)(14).

19    44.    As a result of the employment by Defendants of the above-alleged methods, acts,

20    and practices, Plaintiffs and the class suffered damage within the meaning of Civil Code

21    §1780(a), entitling them to injunctive relief. Pursuant to Civil Code §1782(d), Plaintiffs and the

22    class further intend to seek compensatory damages and/or restitution. Plaintiff will amend the

23    complaint to add requests for damages at the appropriate time, pursuant to Civil Code §1782(d).

24    45.    As a proximate result of Defendants' violation of the CLRA, Plaintiff and the

25    Class request that Defendants be enjoined from engaging in the aforementioned conduct in

26    violation of the CLRA.

27

28

- 9 -
**CLASS ACTION COMPLAINT**

Exhibit A
Page 017

1

**FIFTH CAUSE OF ACTION**
**(Violation of California's Unfair Competition Law)**
**(By Plaintiff And All Class Members Against Defendants Alterra Mountain Company, Ikon Pass, Inc., And Does 1-5)**

2

3      46.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this

4   Complaint, as though fully set forth herein.

5      47.     This cause of action is brought by Plaintiff and the Class under California Business

6   & Professions Code §17200, et seq. (the "UCL"). Section 17200 of the UCL prohibits any

7   unlawful, unfair, or fraudulent business practices.

8      48.     Through the actions alleged herein, Defendants Alterra Mountain Company and

9   Ikon Pass, Inc. has engaged in unfair competition, constituting unfair, unlawful or fraudulent

10   conduct, within the meaning of the UCL including, but not limited to, promising to provide access

11   for the entire Ski season, and failing to refund monies when the Ski Pass could not be used for a

12   substantial portion of the ski season.

13      49.     Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an

14   injunction prohibiting Defendants from engaging in the unlawful, unfair, and/or fraudulent

15   conduct alleged herein, to the detriment of the public.

16

17

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**
**(By Plaintiff And All Class Members Against Defendant Arch Insurance Company And Does 6-10)**

18

19      50.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this

20   Complaint, as though fully set forth herein.

21      51.     An actual controversy has arisen between Plaintiff and the Class, on the one hand,

22   and Defendant Arch Insurance, on the other hand, as to the parties' respective rights and

23   obligations under the travel insurance policies at issue. Specifically, Plaintiff contends the travel

24   losses alleged herein relating to the Coronavirus crisis are covered under the insurance policies at

25   issue, and policy benefits should be paid, and Plaintiff is informed and believes, and on that basis

26   alleges, the Defendant Arch Insurance, contends to the contrary.

27      52.     Plaintiff requests a declaration of her and Class members' rights under the policies

28   at issue in this action including, but not limited to, the policy benefits owed to Plaintiff and Class

- 10 -

**CLASS ACTION COMPLAINT**

1    members under the policies.

2    **PRAYER**

3    WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on

4    behalf of the general public, prays for judgment against Defendants as follows:

5       A. An order that this action may proceed and be maintained as a class action;

6       B. Awarding Plaintiff and Class members breach of contract damages, including

7       special and consequential damages;

8       C. Awarding Plaintiff and Class members compensatory damages in an amount

9       according to proof at trial;

10      D. Injunctive relief enjoining Defendants from the improper methods, acts, or

11      practices alleged herein;

12      E. A declaration of Plaintiff and class members right under the Arch Insurance

13      Company travel policies;

14      F. Awarding restitution from Defendants to Plaintiff and the Class;

15      G. Attorney's fees and costs;

16      H. For such other relief the Court deems just and proper.

17

18   DATED: April 30, 2020        **HAFFNER LAW PC**

19               By:     _____

20                           Joshua H. Haffner

21                           Graham Lambert
                            Attorneys for Plaintiff and others

22                            Similarly situated

23

24

25

26

27

28

- 11 -
**CLASS ACTION COMPLAINT**

1          **DEMAND FOR JURY TRIAL**

2          Plaintiff demands a trial by jury for herself and the Class members on all claims or causes

3   of action so triable.

4

5   DATED:  April 30, 2020                    **HAFFNER LAW PC**

6                                    By:  _____

7                                         Joshua H. Haffner
                                          Graham Lambert
8                                         Attorneys for Plaintiff and others
                                          Similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -
**CLASS ACTION COMPLAINT**

EXHIBIT 1

# EXHIBIT 1

 

**Comes through when plans don't.**

### SKI PASS PRESERVER

**Underwritten By:**
**Arch Insurance Company**
Administrative Office: 300 Plaza Three
Jersey City, NJ 07311

**Administered By:**
**Red Sky Travel Insurance**
c/o Arch Insurance Company
Executive Plaza IV
11350 McCormick Rd., Suite 102
Hunt Valley, MD 21031
Phone: 1-866-889-7409
Fax: 1-443-279-2901
Email: redsky@archinsurance.com
Office Hours: Monday-Friday, 8:30am – 5pm EST

### INDIVIDUAL TRAVEL PROTECTION POLICY

This policy describes the travel insurance benefits underwritten by Arch Insurance Company, herein referred to as the "Company" or as "We", "Us" and "Our". Please refer to the Schedule of Benefits shown on the Schedule of Benefits, which provides the Insured, also referred to as "You" or "Your", with specific information about the program You purchased.

If You are not satisfied for any reason, You may return Your policy to Us within 14 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are void from the beginning.

### TABLE OF CONTENTS

**SCHEDULE OF BENEFITS**
**SECTION I - COVERAGES**
**SECTION II - DEFINITIONS**
**SECTION III - POLICY LIMITATIONS AND EXCLUSIONS**
**SECTION IV - COVERAGE PROVISIONS**
**SECTION V - CLAIMS PROVISIONS**
**SECTION VI - GENERAL PROVISIONS**

IN WITNESS WHEREOF, The **Company** has caused this policy to be executed and attested.

John Mentz
President

Patrick Nails
Secretary

05 LTP0041 00 06 13

Page 1 of 7

## SCHEDULE OF BENEFITS

**Benefits**                                                                    **Maximum Benefit Amount**

Season Pass Cancellation ........................................................................................................ Season Pass Cost
Season Pass Interruption........................................................................................... Pro-rated Season Pass Cost

Exhibit A
Page 024

## SECTION I – COVERAGES

No benefit will duplicate any other benefit or coverage provided under this policy. Should there be a duplication of coverage or benefits, then We will pay the benefit providing the largest amount of coverage.

## SEASON PASS CANCELLATION

We will reimburse You, up to the Maximum Benefit Amount shown in the Schedule of Benefits, for the cost of the Covered Season Pass, less any refunds received, which You purchased for the Season Pass Coverage Period, when You cancel the Season Pass prior to the start of the Season Pass Coverage Period for one of the following Unforeseen reasons:

1. Your or a Family Member's death, that occurs before the Season Pass Coverage Period;
2. Your or a Family Member's, covered Sickness or Injury, that: a) occurs before the Season Pass Coverage Period; b) requires Medical Treatment at the time of cancellation; and c) as certified by a Physician, results in medical restrictions so disabling as to cause the Season Pass to be cancelled; or
3. for Other Covered Events;

provided that any such covered Unforeseen reason occur while coverage is in effect for You.

## SEASON PASS INTERRUPTION

We will reimburse You, up to the Maximum Benefit Amount shown in the Schedule of Benefits, for the pro-rated cost of the remaining portion of the Covered Season Pass purchased, less any refunds received, which You purchased for the Season Pass Coverage Period, when You cancel the Season Pass for one of the following Unforeseen reasons:

1. Your or a Family Member's death, which occurs during the Season Pass Period;
2. Your or a Family Member's, covered Sickness or Injury which: a) occurs during the Season Pass Coverage Period, b) requires Medical Treatment at the time of interruption; and c) as certified by a Physician, results in medical restrictions so disabling as to prevent Your continued use of the Season Pass; or
3. for Other Covered Events;

provided that any such covered Unforeseen reason occurs while coverage is in effect for You.

Reimbursement will be calculated based on the first day of the Season Pass Coverage Period, regardless of the actual date the Season Pass was purchased.

**SPECIAL CONDITIONS:** You must advise the Travel Supplier and Red Sky Travel Insurance as soon as possible in the event of a claim. We will not pay benefits for any additional charges incurred that would not have been charged had You notified the Travel Supplier and Red Sky Travel Insurance as soon as reasonably possible.

In no event shall the amount reimbursed for Season Pass Cancellation and Season Pass Interruption exceed the lesser of the amount You prepaid for the Season Pass or the Maximum Benefit Amount shown in the Schedule of Benefits.

**"Other Covered Events"** means:

a. You being hijacked, quarantined, required to serve on a jury (notice of jury duty must be received after Your Effective Date), served with a court order to appear as a witness in a legal action in which You are not a party (except law enforcement officers);
b. Your primary place of residence or destination is made Uninhabitable and remains Uninhabitable during the Season Pass Coverage Period, by fire, flood, or other Natural Disaster, vandalism, or burglary of Your principal place of residence;
c. Your transfer of employment of 100 miles or more by the employer with whom You or Your are employed on Your Effective Date which requires Your principal residence to be relocated;
d. You who are military, police or fire personnel being called into emergency service to provide aid or relief;
e. Your involuntary employment termination or layoff which occurs 30 days or more after Your Effective Date. Employment must have been with the same employer for at least 1 continuous year;
f. revocation of Your previously granted military leave or re-assignment. Official written notice of the revocation or re-assignment by a supervisor or commanding officer of the appropriate branch of service will be required;
g. Your pregnancy, provided the pregnancy occurs after Your Effective Date for Season Pass Cancellation, as verified by medical records; and
h. You are attending the childbirth of Your Family Member, provided the pregnancy occurs after Your Effective Date for Season Pass Cancellation, as verified by medical records.

05 LTP0041 00 06 13                                                                Page 3 of 7

## SECTION II – DEFINITIONS

**"Accident"** means a sudden, unexpected, unusual, specific event that occurs at an identifiable time and place, and shall also include exposure resulting from a mishap Skiing.

**"Bankruptcy or Default"** means the total cessation of operations due to financial insolvency, with or without the filing of a bankruptcy.

**"Caregiver"** means an individual employed for the purpose of providing assistance with activities of daily living to You or to Your Family Member who has a physical or mental impairment. The Caregiver must be employed by You or Your Family Member. A Caregiver is not a babysitter; childcare service, facility or provider; or a person employed by any service, provider or facility to supply assisted living or skilled nursing personnel.

**"Child Caregiver"** means an individual providing basic childcare service needs for Your minor children under the age of 18 while You are Skiing with a Covered Season Pass without the minor children. The arrangement of being the Child Caregiver while You are Skiing with a Covered Season Pass must be made 30 or more days prior to the Season Pass Coverage Period.

**"Domestic Partner"** means an opposite or same-sex partner who is at least eighteen (18) years of age and has met all the following requirements for at least 6 months:

1) Resides with You;

2) Shares financial assets and obligations with You;

3) Is not related by blood to You to a degree of closeness that would prohibit a legal marriage;

4) Neither You nor Your Domestic Partner is married to anyone else, or has any other Domestic Partner.

**"Effective Date"** means the date and time Your coverage begins, as indicated in Section IV - Coverage Provisions, When Coverage Begins and Ends.

**"Family Member"** means any of the following: Your legal spouse (or common-law spouse where legal), legal guardian or ward, son or daughter (adopted, foster, step or in-law), brother or sister (includes step or in-law), parent (includes step or in-law), grandparent (includes in-law), grandchild, aunt, uncle, niece or nephew, Domestic Partner, Caregiver, or Child Caregiver.

**"Hospitalized"** means admitted to a hospital for a period of at least 24 hours or where the patient is charged by the hospital for a minimum of one day of inpatient charges.

**"Injury"** means bodily harm caused by an Accident that: 1) occurs while Your coverage is in effect under the policy and 2) requires examination and treatment by a Physician. The Injury must be the direct cause of loss and must be independent of all other causes and must not be caused by, or result from, Sickness.

**"Insured"** means the person named on the Schedule of Benefits or Confirmation of Benefits that: is scheduled to Ski during the Season Pass Coverage Period, provided the required premium has been paid. Insured also means "You" and "Your".

**"Maximum Benefit Amount"** means the maximum amount payable for coverage provided to You as shown in the Schedule of Benefits.

**"Medical Treatment"** means examination and treatment by a Physician.

**"Natural Disaster"** means earthquake, flood, fire, hurricane, blizzard, avalanche, tornado, tsunami, volcanic eruption, or landslide that is due to natural causes.

**"Physician"** means a person licensed as a medical doctor in the jurisdiction where the services are rendered or a Christian Science Practitioner who is: (a) other than You or a Family Member; and (b) practicing within the scope of his or her license.

**"Pre-Existing Condition"** means an illness, disease, or other condition during the 60 day period immediately prior to the Effective Date of Your coverage for which You or Family Member: 1) received or received a recommendation for a test, examination, or medical treatment; or 2) took or received a prescription for drugs or medicine. Item (2) of this definition does not apply to a condition which is treated or controlled solely through the taking of prescription drugs or medicine and remains

treated or controlled without any adjustment or change in the required prescription throughout the 60 day period before Your coverage is effective under this policy.

**"Season Pass" or "Covered Season Pass"** means Your Trails access pass to Ski for multiple days which you have purchased, and for which Season Pass Cancellation coverage or Season Pass Interruption coverage has been elected and premium paid.

**"Season Pass Coverage Period"** means the period of time for which Season Pass Cancellation or Season Pass Interruption coverage is elected and the premium paid and for which a Season Pass has been purchased.

**"Sickness"** means an illness or disease of the body that: 1) requires examination and treatment by a Physician, and 2) commences while Your coverage is in effect. An illness or disease of the body that first manifests itself and then worsens or becomes acute prior to the Effective Date of Your coverage is not a Sickness as defined herein and is not covered by the policy.

**"Ski" or "Skiing"** means winter recreation of snow skiing or snowboarding on Trails which are only accessed by a prepaid use ticket for lifts and/or use or admission, but does not include cross country skiing, back country skiing, heli-skiing, extreme skiing, snowcat skiing, ski-jumping, off-piste skiing, tubing, luging, half-pipes, terrain parks, or other snow play activities either on or off Trails.

**"Trails"** means named skier paths designated for downhill travel as shown on a ski resort trail map using the international difficulty rating, not including connecting paths or cross-overs between downhill trails, trails that are outside the established marked and patrolled boundaries of a ski resort, or areas designated as unsafe or closed by ski resort management for avalanche control work.

**"Travel Supplier"** means any entity or organization that coordinates or supplies the Season Pass for You.

**"Unforeseen"** means not anticipated or expected and occurring after Your purchase of the **Season Pass Cancellation** and the **Season Pass Interruption** coverage.

**"Uninhabitable"** means: (1) the building structure itself is unstable and there is a risk of collapse in whole or in part; (2) there is exterior or structural damage allowing elemental intrusion, such as rain, wind, hail or flood; (3) immediate safety hazards have yet to be cleared; or (4) the property is without electricity, gas, sewer service or water or under an order of mandatory evacuation by local government authorities.

## SECTION III - POLICY LIMITATIONS AND EXCLUSIONS

**Benefits are not payable for any loss due to, arising or resulting from:**

1. due to a Pre-Existing Condition;
2. suicide, attempted suicide or any intentionally self-inflicted injury of You, or Family Member;
3. war, invasion, acts of foreign enemies, hostilities between nations (whether declared or undeclared), or civil war;
4. participating as a professional in a stunt, athletic or sporting event or competition;
5. normal pregnancy (except complications of pregnancy) and/or resulting childbirth, except as otherwise covered under Cancellation or Interruption, or voluntarily induced abortion;
6. any non-emergent treatment or surgery, or any Elective Treatment and Procedures;
7. a mental, or nervous or psychological disorder unless Hospitalized for that condition while the policy is in effect for You; or
8. Bankruptcy or Default or failure to supply services by a Travel Supplier.

## SECTION IV - COVERAGE PROVISIONS

**Who Is Eligible For Coverage**
A person who has purchased the Covered Season Pass during the Season Pass Coverage Period.

**When Coverage Begins and Ends**

**When Coverage Begins:**

**Season Pass Cancellation** Coverage begins when the coverage is elected and the required premium for the Season Pass Coverage Period is received by the Travel Supplier or Arch Insurance Company.

This is Your "Effective Date" and time for **Season Pass Cancellation**.

05 LTP0041 00 06 13                                                                 Page 5 of 7

**Season Pass Interruption:** Coverage begins at the start of the Season Pass Coverage Period. This is Your "Effective Date" and time for **Season Pass Interruption**.

**When Coverage Ends:**

**Season Pass Cancellation:** Your coverage automatically ends on the earlier of 1) the start of the Season Pass Coverage Period; or 2) the date and time You cancel the Season Pass prior to the start of the Season Pass Coverage Period.

**Season Pass Interruption:** Your coverage automatically ends on the earlier of 1) the end of the Season Pass Coverage Period; or 2) the date and time You cancel the Season Pass.

Termination of **Season Pass Cancellation** and **Season Pass Interruption** coverage will not affect a claim for loss that occurs after premium has been paid.

### SECTION V - CLAIMS PROVISIONS

**Your duties in event of a loss:**

Immediately, or as soon as possible, call Your Travel Supplier and Red Sky Travel Insurance (see Where to Report a Claim) to report Your cancellation or interruption to avoid non-covered charges due to late reporting.

If You are prevented from using the Covered Season Pass as scheduled or must interrupt the Season Pass Coverage Period due to Sickness or Injury, You should obtain medical care immediately. We require a certification by the treating Physician at the time of Sickness or Injury that medically imposed restrictions prevented Your use or continued use of the Covered Season Pass.

**Where to Report a Claim:**

Phone: 866-889-7409
Email: redsky@archinsurance.com
Mail: Red Sky Travel Insurance c/o Arch Insurance Company
Executive Plaza IV
11350 McCormick Rd., Suite 102
Hunt Valley, MD 21031

**Notice of Claim:**  Notice of claim must be reported to Us within 30 days after a loss occurs or as soon as is reasonably possible.  You or someone on Your behalf may give the notice.  The notice should be given to Us or Our designated representative and should include sufficient information to identify You.

**Claim Forms**:  When notice of claim is received by Us or Our designated representative, Red Sky Travel Insurance forms for filing proof of loss will be furnished.  If these forms are not sent within 15 days, the proof of loss requirements can be met by You sending Us a written statement of what happened.   This statement must be received within the time given for filing proof of loss.

Obtain claim forms from Red Sky Travel Insurance or at trippreserver.com which will provide all the details for filing Your claim appropriately. Please read the instructions carefully. The instructions will direct You toward filing all the correct, necessary documentation and following the appropriate procedures in order to have Your claim settled as quickly as possible.

**Proof of Loss**: Proof of loss must be provided within 90 days after the date of the loss or as soon as is reasonably possible.  Proof must, however, be furnished no later than 12 months from the time it is otherwise required, except in the absence of legal capacity.

**Payment of Claims**: All benefits will be paid directly to You, unless otherwise directed.  Any accrued benefits unpaid at Your death will be paid to Your estate.  If You have assigned Your benefits, we will honor the assignment if a signed copy has been filed with us.  We are not responsible for the validity of any assignment.

### SECTION VI - GENERAL PROVISIONS

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss.  No legal action for a claim can be brought against Us more than 3 years after the time required for giving proof of loss.  This 3 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

05 LTP0041 00 06 13                                                                                            Page 6 of 7

**Concealment and Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented.

**Other Insurance with Us:** You may be covered under only one travel insurance policy with Us while You are Skiing under a Covered Season Pass. If You are covered under more than one such policy, You may select the coverage that is to remain in effect. In the event of death, the selection will be made by Your beneficiary or estate. Premiums paid (less claims paid) will be refunded for the duplicate coverage that does not remain in effect.

**Reductions in the Amount of Insurance:** The applicable benefit amount will be reduced by the amount of benefits, if any, previously paid for any loss or damage under this coverage while You are Skiing under a Covered Season Pass.

 

Comes through when plans don't.

**State Exceptions for
Ski Pass Preserver Policy**

**Alabama Residents**
Form #: 05 LTP0041 01 11 13

Under **Section VI – General Provisions,
Legal Actions** is deleted and replaced as
follows:

**Legal Actions:** The time period by which
a legal action relating to this policy must
be filed is governed by Alabama law.

**Arkansas Residents**
Form #: 05 LTP0041 04 10 13

Under **Section VI – General Provisions,
Legal Actions** is deleted and replaced as
follows:

**Legal Actions:** No legal action for a claim
can be brought against Us until 60 days
after We receive proof of loss. No legal
action for a claim can be brought against
Us more than 5 years after the time
required for giving proof of loss. This 5
year time period is extended from the date
proof of loss is filed and the date the claim
is denied in whole or in part.

**California Residents**
Form #: 05 LTP0041 05 04 14

Under **Section II - Definitions**, the
following definitions are deleted and
replaced as follows:

"**Domestic Partner**" means an opposite or
same-sex partner who is at least eighteen
(18) years of age and qualifies as a
Domestic Partner under state law.

"**Injury**" means bodily harm caused by an
Accident that: 1) occurs while Your
coverage is in effect under the policy; and
2) requires examination and treatment by
a Physician. The Injury must be the
proximate cause of loss and must not be
caused by, or result from, Sickness.

Under **Section V - Claims Provisions**,
the **Proof of Loss** provision is deleted and
replaced as follows:

**Proof of Loss:** Proof of loss must be
provided within 90 days after the date of
the loss or as soon as is reasonably
possible. Failure to furnish such proof
within the time required shall not invalidate
nor reduce any claim if it was not
reasonably possible to give proof within
such time, provided such proof is furnished
as soon as reasonably possible and in no
event, except in the absence of legal
capacity, later than one year from the time
proof is otherwise required.

Under **Section V – Claims Provisions**,
the following will appear as the 1st
paragraph in the **Payment of Claims**
provision:

Benefits payable under this policy will be
paid immediately upon receipt of due
written proof of loss.

Under **Section V – Claims Provisions**,
the following will appear as the last
paragraph in the **Payment of Claims**
provision:

Unless the Insured makes an irrevocable
designation of beneficiary, the right to
change of beneficiary is reserved to the
Insured and the consent of the beneficiary
or beneficiaries shall not be requisite to
surrender or assignment of this policy or to
any change of beneficiary or beneficiaries,
or to any other changes in this policy.

Under **Section VI – General Provisions**,
the following will appear as the 1st
provision:

**Entire Contract, Changes:** This policy,
including the Schedule of Benefits or
Confirmation of Benefits, endorsements
and attached papers, if any, constitute the
entire contract of insurance. No change in
this policy shall be valid until approved by
an executive officer of the Company and
unless such approval be endorsed hereon
or attached hereto. No agent has authority
to change this policy or to waive any of its
provisions.

Under **SECTION VI – General
Provisions**, the **Concealment and
Misrepresentation** provision is deleted
and replaced as follows:

**Concealment and Misrepresentation**:
The entire coverage will be void, if before,
during or after a loss, any material fact or
circumstance relating to this insurance has

been intentionally concealed or
misrepresented.

**District of Columbia Residents**
Form #: 05 LTP0041 09 07 13

Under **Section II – Definitions, Domestic
Partner** is deleted and replaced as follows:

"**Domestic Partner**" means an opposite
or same-sex partner who is at least
eighteen (18) years of age and is
registered with a state or local registry. If
not registered, all the following
requirements for at least 6 months:
1.  Resides with You;
2.  Shares financial assets and
    obligations with You;
3.  Is not related by blood to You to a
    degree of closeness that would prohibit
    a legal marriage;
4.  Neither You nor Your Domestic
    Partner is married to anyone else, or
    has any other Domestic Partner.

Under **Section II – Definitions, Medically
Necessary** is deleted and replaced as
follows:

"**Medically Necessary**" means a service
which is appropriate and consistent with
the treatment of the condition in
accordance with accepted standards of
community practice. The fact that a
Physician may prescribe, authorize, or
direct a service does not of itself make it
Medically Necessary or covered by the
policy.

**Georgia Residents**
Form #: 05 LTP0041 11 06 13

Under **Section I – Coverages,** the following
"**Other Covered Event**" is deleted and
replaced as follows**:**

d.  You who are military, police or fire
personnel and purchased coverage at the
time the Payments or Deposits were made
for the Trip, are called into emergency
service to provide aid or relief;

Under **Section VI – General Provisions,
Concealment and Misrepresentation** is
deleted and replaced as follows:

**Concealment and Misrepresentation:**
The entire coverage will be cancelled, if
before, during or after a loss, any material
fact or circumstance relating to this

Edition 5/16

Exhibit A
Page 030

insurance has been concealed or misrepresented.

**Illinois Residents**
**Form #:** 05 LTP0041 14 10 13

Under **Section II – Definitions, Ski Equipment** is deleted in its entirety:

**"Ski Equipment"** means skis, ski poles, ski bindings, ski boots, snowboards, snowboard bindings, snowboard boots, snowblades and any other recognized snow sports equipment.

Under **Section II – Definitions, Family Member** is deleted and replaced as follows:

**"Family Member"** means any of the following: Your or Your Traveling Companion's legal spouse (or common-law or civil union spouse where legal), legal guardian or ward, son or daughter (adopted, foster, step, in-law or civil union), brother or sister (includes step or in-law), parent (includes step or in-law), grandparent (includes in-law), grandchild, aunt, uncle, niece or nephew, Domestic Partner, Caregiver, or Child Caregiver.

Under **Section II – Definitions, Injury** is deleted and replaced as follows:

"**Injury**" means bodily harm caused by an Accident that: 1) occurs while Your coverage is in effect under the policy; and 2) requires examination and treatment by a Physician. The Injury must be the direct cause of loss and must be independent of disease or bodily infirmity.

Under **Section II – Definitions, Uninhabitable** is deleted and replaced as follows:

**"Uninhabitable"** means: (1) the building structure or any part of the building structure is unstable and there is a risk of collapse; (2) there is exterior or structural damage allowing elemental intrusion, such as rain, wind, hail or flood; (3) immediate safety hazards have yet to be cleared; or (4) the property is without electricity, gas, sewer service or water or under an order of mandatory evacuation by local government authorities.

Under **Section III, Policy Limitations and Exclusions**, the following exclusions are deleted in their entirety:

2. suicide, attempted suicide or any intentionally self-inflicted injury of You, a Traveling Companion, Family Member or Business Partner booked to travel with You, while sane or insane;
4. participating as a professional in a stunt, athletic or sporting event or competition;

Under **Section III, Policy Limitations and Exclusions,** the following exclusions are revised to appear as follows:

3. war (whether declared or undeclared), acts of foreign enemies, hostilities between nations not including a Terrorist Incident, or civil war;

Under **Section V, Claims Provisions**, the following provision is added:

**Time of Payment of Claims:** All claims and indemnities payable under the terms of a policy of accident and health insurance shall be paid within 30 days following receipt of due proof of loss. Failure to pay within such period shall entitle the insured to interest at the rate of 9 percent per annum from the 30th day after receipt of such proof of loss to the date of late payment, provided that interest amounting to less than one dollar need not be paid.

Under **Section VI, General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss.  No legal action for a claim can be brought against Us more than 3 years after the time required for giving proof of loss.  This 3 year time period is extended from the date proof of loss is filed and the date the whole claim or any part of the claim is denied.

Under **Section VI, General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Intentional Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or intentionally misrepresented.

Under **Section VI, General Provisions,** the following provisions must be added:

**Time Limit on Certain Defenses:** After two years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability commencing after the expiration of such two year period.

**Change of Beneficiary:** You have the right to change Your beneficiary and the consent of the beneficiary or beneficiaries shall not be requisite to surrender or assignment of this policy or to any change of beneficiary or beneficiaries, or to any other changes in this policy.

**Civil Union:** Parties to a civil union are entitled to the same legal obligations, responsibilities, protections and benefits that are afforded or recognized by the laws of Illinois to spouses.

**Kansas Residents**
**Form #:** 05 LTP0041 17 12 13

The following disclaimer has been added to page 1 the policy:

**THIS IS A LIMITED POLICY.**
**PLEASE READ IT CAREFULLY**
**THIS POLICY DOES NOT COVER PRE-EXISTING CONDITIONS**
**UNLESS THE PRE-EXISTING CONDITIONS WAIVER IS APPLICABLE**

The "Free Look Period" shown on page 1 is deleted and replaced as follows:

**If You are not satisfied for any reason, You may return Your policy to Us within 14 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are void from the beginning**.

Under **Section II – Definitions**, the definition of **"Domestic Partner"** and any references contained in the policy are deleted in its entirety.

The following provision has been added after **Section IV – Coverage Provisions, When Coverage Ends:**

**Cancellation by Insured**: You may cancel this policy at any time by written notice delivered or mailed to Us, effective upon receipt of such notice or on such later date as may be specified in such notice. In the event of cancellation or death of the insured, We will promptly return the unearned portion of any premium paid on a short rate basis. Cancellation will be without prejudice to any claim originating prior to the effective date of the cancellation.

Under **Section V – Claims Provisions, Payment of Claims** is deleted and replaced as follows:

**Payment of Claims**: We, or Our designated representative, will pay the claim immediately upon receipt of due written acceptable proof of loss. Benefits for Loss of life will be paid to Your designated beneficiary. If a beneficiary is not otherwise designated by You, benefits for Loss of life will be paid to the first of the following surviving preference beneficiaries:

a) Your spouse;
b) Your child or children jointly;
c) Your parents jointly if both are living or the surviving parent if only one survives;
d) Your brothers and sisters jointly; or
e) Your estate.

All other benefits will be paid directly to You, unless otherwise directed. Any accrued benefits unpaid at Your death will be paid to Your estate. If You have assigned Your benefits, we will honor the assignment if a signed copy has been filed with us. We are not responsible for the validity of any assignment.

All or a portion of all benefits provided by the policy may, at Our option, be paid directly to the provider of the service(s) to You. All benefits not paid to the provider will be paid to You.

If any benefit is payable to: (a) an Insured who is a minor or otherwise not able to give a valid release; or (b) Your estate, We may pay any amount due under the policy to Your beneficiary or any relative whom We find

entitled to the payment. Any payment made in good faith shall fully discharge Us to any party to the extent of such payment.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss. No legal action for a claim can be brought against Us more than 5 years after the time required for giving proof of loss. This 5 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented. For the purposes of this provision, fraud means knowingly and with intent to defraud, You present, cause to be presented or prepare with knowledge or believe to an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy, or a claim for payment or other benefit pursuant to an insurance policy which You know to contain materially false information concerning any fact material thereto; or You conceal, for the purpose of misleading, information concerning any fact material thereto.

**Louisiana Residents**
**Form #:** 05 LTP0041 19 11 13

Under **Section II – Definitions, "Domestic Partner"** is deleted in its entirety.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss**: Proof of loss must be provided within 90 days after the date of

the loss or as soon as is reasonably possible. Proof must, however, be furnished no later than 12 months from the time it is otherwise required, except in the absence of legal capacity. For losses that arise due to a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials, the time limit for submission of proof of loss is 180 days after the date of the loss.

Under **Section V – Claims Provisions, Payment of Claims** the following provision has been added:

We will pay the claim within 30 days after receipt of acceptable proof of loss.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been intentionally concealed or misrepresented. Fraud or misrepresentation with the intent to deceive after coverage is in force is grounds for cancellation and grounds to deny coverage for benefits related to such fraud, concealment or misrepresentation. Coverage for other benefits will continue until the cancellation is effective.

**Maine Residents**
**Form #:** 05 LTP0041 20 11 13
The "Free Look Period" shown on page 1 is deleted and replaced as follows:

If You are not satisfied for any reason, You may return Your policy to Red Sky Travel Insurance within 14 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are cancelled from the beginning.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss. No legal action for a claim can be brought against

Us more than 3 years after the time required for giving proof of loss. This 3 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

Any post-judgment interest for a claim brought against Us will be paid outside the policy limits and in accordance with Maine law.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be denied and/or cancelled, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented.

Under **Section VI – General Provisions,** the following provisions have been added to the policy:

**Cancellation:** We may not cancel this policy except for one or more of the following reasons:

a) nonpayment of premium;
b) fraud or material misrepresentations made by or with Your knowledge in obtaining the policy, continuing the policy or in presenting a claim under the policy;
c) substantial change in the risk which increases the risk of loss after insurance coverage has been issued or renewed, including but not limited to, an increase in exposure due to rules, legislation or court decision;
d) failure to comply with reasonable loss control recommendations;
e) substantial breach of contractual duties, conditions or warranties; or

The Maine Insurance Code requires that the foregoing cancellation provisions appear in all casualty insurance policies. Notwithstanding the above, this policy is non-cancellable by either party.

**Nonrenewable:** This is a nonrenewable policy.

**Maryland Residents**
**Form #:** 05 LTP0041 21 10 13

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be cancelled, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented.

**Minnesota Residents**
**Form #** 05 LTP0041 24 11 13

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented, with the intent to deceive and defraud.

**Mississippi Residents**
**Form #:** 05 LTP0041 25 10 13

The following provision on Page 1 of the policy has been deleted and replaced as follows:

This policy describes the travel insurance benefits underwritten by Arch Insurance Company, herein referred to as the "Company" or as "We", "Us" and "Our". No change to this policy shall be valid unless approved by the Company and no agent has authority to change the policy or waive any of its provisions. Please refer to the Schedule of Benefits shown on the Declarations, Schedule of Benefits or Confirmation of Benefits, which provides the Insured, also referred to as "You" or "Your", with specific information about the program You purchased.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss**: A detailed proof of loss must be provided within 90 days after the date of the loss or as soon as is reasonably possible. Failure to furnish such written proof within the time required shall not invalidate nor reduce any claim. Proof must, however, be furnished no later than 12 months from the time it is otherwise required, except in the absence of legal capacity.

Under **Section V – Claims Provisions, Payment of Claims** is deleted and replaced as follows:

**Payment of Claims**: We or Our designated representative, will pay a claim after receipt of acceptable proof of loss within twenty-five (25) days for claims submitted electronically and thirty-five (35) days for claims submitted in a format other than electronic. If payment is not made in these timeframes for all or portion(s) of a submitted claim, We will provide the claimant with the reason(s) why the claim is not payable or the additional information necessary to process the balance of the claim. Once the claimant provides Us with any additional information requested, the balance of the claim will then be paid within twenty (20) days of receipt by Us of the requested additional satisfactory documentation. If a claim is not denied by Us for valid reasons within the above stated timeframes or payment is not made within these timeframes, interest shall accrue on the portion of the unpaid claim at the rate of one and one-half percent (1 ½ %) per month from the date payment was due until final claim settlement or adjudication.

Benefits for Loss of life will be paid to Your designated beneficiary. If a beneficiary is not otherwise designated by You, benefits for Loss of life will be paid to the first of the following surviving preference beneficiaries:
a) Your spouse;
b) Your child or children jointly;
c) Your parents jointly if both are living or the surviving parent if only one survives;
d) Your brothers and sisters jointly; or
e) Your estate.

All other benefits will be paid directly to You, unless otherwise directed. Any accrued benefits unpaid at Your death will be paid to Your estate. If You have assigned Your benefits, we will honor the assignment if a signed copy has been filed with us. We are not responsible for the validity of any assignment.

All or a portion of all benefits provided by the policy may, at Our option, be paid directly to the provider of the service(s) to You. All benefits not paid to the provider will be paid to You.

Exhibit A
Page 033

If Your age has been misstated, all amounts payable under this policy shall be what the actual premium paid would have purchased at the correct age.

If any benefit is payable to: (a) an Insured who is a minor or otherwise not able to give a valid release; or (b) Your estate, We may pay any amount due under the policy to Your beneficiary or any relative whom We find entitled to the payment. Any payment made in good faith shall fully discharge Us to any party to the extent of such payment.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be void, if before, during or after a loss, any material fact or circumstance relating to this insurance has been fraudulently concealed or misrepresented.

**Missouri Residents**
**Form #:** 05 LTP0041 26 12 13

Under **Section III – Policy Limitations and Exclusions**, the following exclusion is deleted and replaced as follows:

2. suicide, attempted suicide or any intentionally self-inflicted injury of You, a Traveling Companion, Family Member or Business Partner booked to travel with You, while sane;

Under **Section V – Claims Provisions, Notice of Claims** is deleted and replaced as follows:

**Notice of Claim**: Notice of claim must be reported to Us within 30 days after a loss occurs or as soon as is reasonably possible. You or someone on Your behalf may give the notice. The notice should be given to Us or Our designated representative and should include sufficient information to identify You. However, no claim will be denied based upon Your failure to provide notice within such specified time, unless the failure operates to prejudice the rights of the Company, as per Missouri regulation 20CSR100-1.020.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss:** You must furnish the Company, or its designated representative, with proof of loss. This must be a detailed statement. It must be filed with the Company or its designated representative within ninety (90) days from the date of loss and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

Failure to give notice within such time will not invalidate or reduce any valid claim if it is shown not to have been reasonably possible to give such notice and that notice was then given as soon as reasonably possible thereafter.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss. No legal action for a claim can be brought against Us more than 10 years after the time required for giving proof of loss. This 10 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

**Oklahoma Residents**
**Form #:** 05 LTP0041 37 11 13

The "Free Look Period" shown on page 1 is deleted and replaced as follows:

If You are not satisfied for any reason, You may return Your policy to Us within 14 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are cancelled from the beginning.

The following Fraud Warning has been added to page 1 of the policy.

**WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information, is guilty of a felony.**

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be cancelled, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented.

**Oregon Residents**
**Form #:** 05 LTP0041 38 06 13

Under **Section I – Coverages,** the following **"Other Covered Events"** is deleted and replaced as follows:
d. You who are military, police or fire personnel being called into emergency service to provide aid or relief for a Natural Disaster or a Terrorist Incident;

Under **Section I – Coverages,** the following **"Other Covered Events"** has been added:

i. a Terrorist Incident that occurs within 30 days of Your Scheduled Departure Date in a city listed on the itinerary of Your Trip.

Under **Section II – Definitions, Domestic Partner** is deleted and replaced as follows:

**"Domestic Partner"** means an individual joined in a Domestic Partnership.

Under **Section II – Definition of Domestic Partnership** has been added to the policy:

"**Domestic Partnership**" means a civil contract entered into in person between two individuals of the same sex who are at least 18 years of age, who are otherwise capable and at least one of whom is a resident of Oregon.

Under **Section II – Definitions,** the following definition has been added:
**"Terrorist Incident"** means an incident deemed a terrorist attack by the United States government or act of violence, other than civil disorder or riot (that is not an act of war, declared or undeclared), that results in Loss of life or major damage to person or property, by any person acting on behalf of or in connection with any organization which is generally recognized as having the intent to overthrow or influence the control of any government. Terrorist Incident does not mean an incident that occurs in a foreign

Exhibit A
Page 034

location on the U.S. State Department's Do Not Travel list.

The following exclusion has been added to **Section III – Policy Limitation and Exclusions:**

9. a Terrorist Incident that occurs in a foreign location on the U.S. State Department's Do Not Travel list.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted in its entirety.

**South Carolina Residents**
**Form #:** 05 LTP0041 41 07 13

Under **Section V – Claims Provisions, Notice of Claim** is deleted and replaced as follows:

**Notice of Claim**: Notice of claim must be reported to Us within 20 days after a loss occurs or as soon as is reasonably possible. You or someone on Your behalf may give the notice. The notice should be given to Us or Our designated representative and should include Your name and the policy number.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss**: Proof of loss must be provided within 90 days after the date of the loss or as soon as is reasonably possible. If it was not reasonably possible to give written proof in the time required, We may not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. Proof must, however, be furnished no later than 12 months from the time it is otherwise required, except in the absence of legal capacity.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive written proof of loss. No legal action for a claim can be brought against Us more than 6 years after the time required for giving written proof of loss. This 6 year time period is extended from the date written proof of loss is filed and the date the claim is denied in whole or in part.

The following provision has been added under **Section VI – General Provisions**:

**Conformity with State Statutes:** Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which You reside, on that date is amended to conform to the minimum requirements of such laws.

**South Dakota Residents**
**Form #:** 05 LTP0041 42 11 13

Under **Section II – Definitions, Domestic Partner** is deleted and replaced as follows:

**"Domestic Partner"** where permitted by law means an opposite or same-sex partner who is at least eighteen (18) years of age and has met all the following requirements for at least 6 months:

1) Resides with You;
2) Shares financial assets and obligations with You;
3) Is not related by blood to You to a degree of closeness that would prohibit a legal marriage;
4) Neither You nor Your Domestic Partner is married to anyone else, or has any other Domestic Partner.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss. No legal action for a claim can be brought against Us more than 6 years after the time required for giving proof of loss. This 6 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

**Tennessee Residents**
**Form #:** 05 LTP0041 43 06 13
The following Company toll free phone number has been added to Page 1 of the policy:

**Arch Insurance Company**
Administrative Office: 300 Plaza Three
Jersey City, NJ 07311
Toll Free Number: 1-866-413-5550

Under **Section II – Definitions,** the following definitions are deleted and replaced as follows:

**"Accident"** means a sudden, unexpected, unintended event that occurs at an identifiable time and place, and shall also include exposure resulting from a mishap to a conveyance in which You are traveling.

**"Sickness"** means an illness or disease of the body that: 1) requires examination and treatment by a Physician, and 2) commences while Your coverage is in effect. An illness or disease of the body that manifests itself and then worsens or becomes acute prior to the Effective Date of Your coverage is not a Sickness as defined herein and is not covered by the policy.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss**: Proof of loss must be provided within 90 days after the date of the loss or as soon as is reasonably possible. Failure to furnish proof of loss within the time required shall not invalidate or reduce any claim if it was not reasonably possible to give proof of loss within such time. Proof must, however, be furnished no later than 12 months from the time it is otherwise required, except in the absence of legal capacity.

**Section V – Claims Provisions, Payment of Claims** is deleted and replaced as follows:

**Payment of Claims**: Benefits for Loss of life will be paid to Your designated beneficiary. If a beneficiary is not otherwise designated by You, benefits for Loss of life will be paid to the first of the following surviving preference beneficiaries:

a) Your spouse;
b) Your child or children jointly;
c) Your parents jointly if both are living or the surviving parent if only one survives;
d) Your brothers and sisters jointly; or
e) Your estate.
All other benefits will be paid directly to You, unless otherwise directed. Any accrued benefits unpaid at Your death will be paid to Your estate. If You have assigned Your benefits, we will honor the assignment if a

signed copy has been filed with us. We are not responsible for the validity of any assignment. Payment of claims to a minor will be limited to $1,000 for Loss of life benefits.

All or a portion of all benefits provided by the policy may, at Our option, be paid directly to the provider of the service(s) to You. All benefits not paid to the provider will be paid to You.

If any benefit is payable to: (a) an Insured who is a minor or otherwise not able to give a valid release; or (b) Your estate, We may pay any amount due under the policy to Your beneficiary or any relative whom We find entitled to the payment. Any payment made in good faith shall fully discharge Us to any party to the extent of such payment.

**Texas Residents**
**Form #s:** 05 LTP0041 44A 08 13 & 05 LTP0041 44B 10 13

Under **Section IV- Coverage Provisions, When Coverage Ends,** the following provision has been added:

Coverage will not end solely because a person becomes an elected official.

Under **Section V – Claims Provisions, Notice of Claim** is deleted and replaced as follows:

**Notice of Claim**: Notice of claim must be reported to Us within 30 days after a loss occurs or as soon as is reasonably possible. You or someone on Your behalf may give the notice. The notice should be given to Us or Our designated representative and should include sufficient information to identify You.

No later than the 15th day after receipt of such notice of a claim, We will: a) acknowledge receipt of the claim; b) commence any investigation of the claim; and c) request from You all items, statements, and forms that We reasonably believe, at that time, will be required from You. Additional requests may be made if during the investigation of the claim such additional requests are necessary. If acknowledgement of the claim is not made in writing, We will make a record of the date, means, and content of the acknowledgement.

Under **Section V – Claims Provisions, Claim Acceptance or Rejection** provision has been added:

**Claim Acceptance or Rejection:** We will notify You in writing, of the acceptance or rejection of the claim no later than the 15th Business Day after the date We receive all items, statements, and forms required by Us, in order to secure final proof of loss. If We reject the claim, We will inform You of the reasons for the rejection. If We are unable to accept or reject the claim within 15 Business Days after the date We receive all items, statements, and forms required by Us, We will notify You within such 15 Business Day period. The notice provided will give the reasons why We need additional time. No later than the 45th day after the date We notify You of the need for additional time to investigate a claim, We will accept or reject the claim.

"Business Day" means a day other than a Saturday, Sunday, or holiday recognized by the State.

Under **Section V – Claims Provisions, Payment of Claims** is deleted and replaced as follows:

**Payment of Claims:** All other benefits will be paid directly to You, unless otherwise directed. Any accrued benefits unpaid at Your death will be paid to Your estate. If You have assigned Your benefits, we will honor the assignment if a signed copy has been filed with us. We are not responsible for the validity of any assignment.

All or a portion of all benefits provided by the policy may, at Our option, be paid directly to the provider of the service(s) to You. All benefits not paid to the provider will be paid to You.

If any benefit is payable to: (a) an Insured who is a minor or otherwise not able to give a valid release; or (b) Your estate, We may pay any amount due under the policy to Your beneficiary or any relative whom We find entitled to the payment. Any payment made in good faith shall fully discharge Us to any party to the extent of such payment.

If We notify You that We will pay a claim or part of a claim, We will pay the claim no later than the fifth Business Day after the notice

has been made. If payment of the claim or part of the claim is conditioned on the performance of an act by You, We will pay the claim not later than the fifth Business Day after the date the act is performed.

Under **Section V – Claims Provisions,** the following provision has been added:

In the event of a weather-related catastrophe or major Natural Disaster, as defined by the commissioner, the claim handling deadlines imposed under Section V – Claims Provisions are extended for an additional 15 days.

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us more than two years and one day after the loss starting from the date the claim is denied in whole or in part.

Under **Section VI – General Provisions,** the following provisions have been added to the policy:

**Cancellation:** This policy may not be cancelled based solely on the fact that the You are an elected official. If the policy has been in effect for 60 days or less, We may cancel for any reason. If the policy has been in effect for more than 60 days, We may cancel for the following reasons:

a) nonpayment of premium;
b) fraud in obtaining coverage under this policy;
c) an increase in hazard within Your control which would produce an increase in the rate;
d) loss of Our reinsurance covering all or part of the risk covered by this policy; or
e) We are placed in supervision, conservatorship, or receivership, if the cancellation is approved or directed by the supervisor, conservator or receiver.

We shall mail or deliver written notice of cancellation to You at the address shown in the Declarations, Schedule of Benefits or Confirmation of Benefits at least 10 days prior to the effective date of cancellation. The mailing of such notice shall be sufficient notice of cancellation.

Edition 5/16

**Nonrenewable**: This is a nonrenewable policy.

**Utah Residents**
**Form #:** 05 LTP0041 45 10 13

The "Free Look Period" shown on page 1 is deleted and replaced as follows:

If You are not satisfied for any reason, You may return Your policy to Red Sky Travel Insurance within 30 days after receipt. Your premium will be refunded, provided You have not already departed on the Trip or filed a claim. When so returned, all coverages under the policy are void from the beginning.

The following provision is added to **Section IV, Coverage Provisions:**

**Dispute Resolution** Any matter in dispute between You and Us may be subject to arbitration as an alternative to court action pursuant to the Federal Rules of Civil Procedure, a copy of which is available on request from Us. Any decision reached by arbitration shall be binding upon both You and Us, The arbitration award may include attorney's fees if allowed by state law and may be entered as a judgment in any court of proper jurisdiction.

Under **Section V – Claims Provisions, Proof of Loss** is deleted and replaced as follows:

**Proof of Loss**: Proof of loss must be provided within 90 days after the date of the loss or as soon as is reasonably possible. Failure to give notice or file proof of loss as required does not bar recovery under the policy if We fail to show We were prejudiced by the failure.

Under **Section VI – General Provisions, Concealment and Misrepresentation** is deleted and replaced as follows:

**Concealment and Misrepresentation:** The entire coverage will be cancelled, if before, during or after a loss, any material fact or circumstance relating to this insurance has been concealed or misrepresented.

**Virginia Residents**
**Form #:** 05 LTP0041 47 12 13

Under **Section VI – General Provisions,** the following provisions have been added:

**Bankruptcy and Insolvency:** Your insolvency or bankruptcy, or the insolvency of Your estate, shall not relieve Us of any of Our obligations under this policy. Any party who has obtained a judgment against You, which is returned unsatisfied, may bring an action against Us to recover damages insured by the policy.

**Cancellation:** After 14 days of Your receipt of this policy, this policy cannot be cancelled by You or Us.

**Wyoming Residents**
**Form #:**  05 LTP0041 51 11 13

Under **Section VI – General Provisions, Legal Actions** is deleted and replaced as follows:

**Legal Actions:** No legal action for a claim can be brought against Us until 60 days after We receive proof of loss.  No legal action for a claim can be brought against Us more than 4 years after the loss.  This 4 year time period is extended from the date proof of loss is filed and the date the claim is denied in whole or in part.

Edition 5/16

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joshua H. Haffner 188652; Graham G. Lambert, 303056
Haffner Law PC
445 S. Figueroa Street, Suite 2625
Los Angeles, CA 90071
TELEPHONE NO.: 213-514-5681   FAX NO.: 213-514-5682
ATTORNEY FOR *(Name):* jhh@haffnerlawyers.com; gl@haffnerlawyers.com

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAY 0 1 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 312 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Erin Goldsmith vs Alterra Mountain Company, et al.

CASE NUMBER:
**20STCV17165**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | | JUDGE: |
|---|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | | DEPT: |

**BY FAX**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2020
Graham G. Lambert
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Case No. 1:20-cv-02907-RM-SKC   Document 5   filed 09/25/20   USDC Colorado   pg
32 of 38
Case 2:20-cv-05722-JAK-ADS   Document 3-1 filed 06/26/20   Page 32 of 38   Page ID #:40

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A
Page 039

| SHORT TITLE: Erin Goldsmith vs Alterra Mountain Company | CASE NUMBER **20STCV17165** |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Case No. 1:20-cv-02907-RM-SKC   Document 5   filed 09/25/20   USDC Colorado   pg
Case 2:20-cv-05722-JAK-ADS   Document 1 Filed 06/26/20   Page 34 of 38   Page ID #:42
34 of 38

| SHORT TITLE: Erin Goldsmith vs Alterra Mountain Company | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>(1.) 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A
Page 041

| SHORT TITLE: Erin Goldsmith vs Alterra Mountain Company | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A
Page 042

| SHORT TITLE: Erin Goldsmith vs Alterra Mountain Company | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1849 Greenfield Ave |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90025 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Spring Street_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _April 30, 2020_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.0
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 4 of 4

Exhibit A
Page 043

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/01/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV17165 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Elihu M. Berle | 6 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on <u>05/06/2020</u>    By <u>S. Drew</u>    , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit A
Page 044

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A

Page 045